**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZULMAI NAZARZAI,

        Plaintiff-Appellant,

  v.

COUNTY OF ORANGE, a Government
entity; et al.,

        Defendants-Appellees.

No.   20-55537

D.C. No.
8:17-cv-01884-JLS-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 6, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

In a civil enforcement action, a California court ordered Zulmai Nazarzai to

turn over money and financial records. After Nazarzai failed to comply with the

court's turn-over order, the court found him to be in contempt. Pursuant to the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

state court's civil contempt order, Nazarzai was detained for six years in the Orange County jail. Following his release, Mr. Nazarzai filed this action alleging violations of 42 U.S.C. §§ 1983 and 2000cc. After a bench trial, the district court found that Nazarzai was not entitled to money damages from any Defendant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Nazarzai argues that he sufficiently stated a Section 1983 claim.[1] In support of that claim, he argues that his prolonged detention violated the Fourth, Eighth, and Fourteenth Amendment. He maintains that California Penal Code § 19.2 limited his civil confinement to a year, and that Sheriff-Coroner Sandra Hutchens (in her individual capacity) and the Orange County Sheriff-Coroner Department ("OCSD") detained him unconstitutionally.

The claim against Sheriff Hutchens fails because "prison officials charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039–40 (9th Cir. 2013).

The claim against OCSD also fails. Even assuming that a county can be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1987),

---

[1]Nazarzai does not raise a Section 2000cc claim on appeal, and therefore we need not address it. *See Nat'l Fam. Farm Coal. v. U.S. E.P.A.*, 966 F.3d 893, 916 (9th Cir. 2020).

(1) for violations of state law made (2) while obeying a facially valid state court order, Penal Code § 19.2 did not limit his California Code of Civil Procedure § 1219 confinement to a year. *See In re Nolan W.*, 203 P.3d 454, 466 (Cal. 2009) (interpreting § 1219 as authorizing an indefinite period of incarceration to coerce compliance with a court order).

2. Nazarzai also argues that the conditions of his confinement violated his constitutional rights. He contends that he was denied the right to freely practice his religion, his right to participate in physical exercise, and his right to access the day room.

"[R]easonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). But, Nazarzai was provided access to religious services and a religious advisor; he was also able to pray daily. *Cf. Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1210 (9th Cir. 2008) (finding consistent denial of access to chapel and religious advisors support finding of constitutional violation).

The Fourteenth Amendment requires that pre-trial detainees (and by extension civil detainees) not be denied adequate opportunities for exercise without legitimate governmental objectives. *See Pierce*, 526 F.3d at 1211–12. The record,

3

however, shows that Nazarzai's lack of physical exercise was self-imposed. This claim therefore fails. Nazarzai's own testimony reveals that he typically got daily access to the day room. This claim therefore fails as well.

3. Nazarzai last argues that Defendant Garcia used "threats and intimidation" to restrict his right to speech and right to file grievances. "It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). But, Nazarzai failed to show that a person of ordinary firmness would have been silenced by Garcia's actions, and has also failed to carry his burden of "pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Id.* at 1271; *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

**AFFIRMED.**[2]

---

[2] County Defendants' motion to amend the caption is GRANTED. (DE 7).